UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **CLIFFORD E. MOBLEY, JR.** and ) | Case No. 08-50255 |
| **KIMBERLY E. MOBLEY,** ) | |
| ) | |
| Debtors. ) | |
| _____) | |

**ORDER AND OPINION**

This matter came on before the Court on September 30, 2009 after due and proper notice on Peggy Lyalls's Motion for Bankruptcy Court Review and Enforcement of a State Court Equitable Distribution Judgment as a priority claim the above-referenced Chapter 13 case. Ashley S. Rusher appeared on behalf of the claimant, Peggy Lyalls, Joe O. Brewer appeared on behalf of Clifford E. Mobley, Jr. (the "Debtor"), and Vernon Cahoon appeared on behalf of the Chapter 13 Trustee. After considering the evidence on record and the arguments of counsel, this Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

**FACTS**

Peggy Lyalls ("Ms. Lyalls") is the former spouse of the Debtor, an absolute divorce having been granted prepetition on August 8, 2006. The Debtor and Ms. Lyalls were married on September 5, 1994 and separated on May 22, 2004. There were no children born to the marriage, and both parties were employed throughout the marriage. Ms. Lyalls is a high school graduate and is presently 45 years old. During the marriage and until February 2009, she was an employee of Haldex Hydraulics, earning between $9.00 and $13.00 per hour. The Debtor is also a high school graduate and was employed as a mechanic by Freightliner during the marriage

earning between $20.00 and $22.00 per hour.  He was recently laid off by Freightliner but rehired on a temporary basis.  During the marriage the parties each contributed to pay the household expenses, however the Debtor was the primary wage earner.  He paid the mortgage, utility bills, and insurance bills.  Ms. Lyalls contributed to the household by paying for groceries, her own gas, and providing the Debtor's son with lunch money.  When the couple separated, Ms. Lyalls moved out of the marital residence, taking a vehicle, which was paid in full, and those personal items she could pack into the vehicle.  The Debtor remained in the marital residence and retained a vehicle, which was also paid in full.  Subsequently, Ms. Lyalls stayed with a co-worker and friend for about a year.  Ms. Lyalls did not believe she was entitled to alimony and did not seek court ordered alimony or post-separation support.  Notwithstanding, the Debtor paid for Ms. Lyalls's health and vehicle insurance during that year.  Ultimately, Ms. Lyalls moved into her own residence, which she currently rents for $500.00 per month.

Just prior to separating in May 2004, the Debtor and Ms. Lyalls applied for and obtained a home equity line of credit from Beneficial Finance (the "Equity Line").  They immediately used a portion of that Equity Line to pay various outstanding bills.  As a result of the recently obtained Equity Line, the parties had no joint debts at the time of separation other than a first mortgage and the Equity Line.  After the separation, the Debtor borrowed additional funds from the Equity Line in the amount of approximately $20,000.00 for home repairs, including repairs to the septic system and air conditioning, and to make payments on the first mortgage.  In July 2005, there was a fire at the marital residence.  The Debtor received insurance proceeds for damage to the marital residence, contents of the marital residence, and loss of use.  The Debtor used the proceeds to make repairs and rent temporary housing.  Ms. Lyalls did not receive any of

the insurance proceeds, but she was aware that the Debtor received the funds and she endorsed two of the insurance checks, which were payable to both herself and the Debtor. Eventually, the marital residence was sold. Ms. Lyalls received half of the net proceeds from the sale, which was approximately $5,000.00 after payment of the realtor's fee, the mortgage, and the Equity Line.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 19, 2008 and subsequently converted his case to a case under Chapter 13 on July 18, 2008. The Debtor did not list Ms. Lyalls as a creditor on his schedules, nor did he list the equitable distribution action pending against him in Iredell County (the "State Court Proceeding") on his statement of financial affairs. Ms. Lyalls was not provided with notice of the bankruptcy filing and the bar dates for filing claims and objecting to the dischargeability of debts. Upon learning of the Debtor's bankruptcy case, Ms. Lyalls filed a proof of claim asserting a claim based upon the State Court Proceeding (the "Claim"). On February 5, 2009, this Court entered an order granting relief from the automatic stay to permit the Debtor and Ms. Lyalls to proceed to judgment in the State Court Proceeding. That order provided that any judgment from the State Court Proceeding be enforced only through proceedings before this Court.

In the State Court Proceeding, the parties entered into a consent pre-trial equitable distribution order, and on September 5, 2009, the state court entered a final equitable distribution judgment (the "Judgment"). The state court found that an equitable division of the marital property was an equal division of the assets and that it was in the best interest of the parties that each receive fifty percent (50%) of the marital assets. As such, the Judgment orders, in relevant

3

part, that Ms. Lyalls recover: (1) the sum of $10,020.80 for her one-half share of the equity in the marital residence that was depleted by the Equity Line, which loan was incurred primarily after separation and was paid out of the proceeds of the sale of the marital residence; and (2) the sum of $12,973.50 for her share of the insurance funds received for the loss of contents of the marital residence as a result of the fire. The Judgment does not indicate whether the amounts awarded are necessary or intended for Ms. Lyalls's support and maintenance.[1] Ms. Lyalls's intent is to use the funds to purchase a vehicle, a home, and furniture. Ms. Lyalls contends that her Claim against the Debtor qualifies as a domestic support obligation and, therefore, is entitled to priority status to be paid in full during the remaining term of the Debtor's Chapter 13 plan.

## ANALYSIS

Section 101(14A) of the Bankruptcy Code defines a domestic support obligation as follows:

> **(14A)** The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> **(A)** owed to or recoverable by--
>
> **(I)** a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> **(ii)** a governmental unit;
>
> **(B)** in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

---

[1] The Judgment originally stated that "the benefits herein allotted [to Ms. Lyalls] are for her support and maintenance and constitute a Domestic Support Obligation;" however, on September 4, 2009, the State Court amended its order and deleted such language.

>**(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–
>
>**(I)** a separation agreement, divorce decree, or property settlement agreement;
>
>**(ii)** an order of a court of record; or
>
>**(iii)** a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
>**(D)** not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101.  A domestic support obligation is entitled to be treated as a priority unsecured claim with first priority. 11 U.S.C. § 507(a)(1).  A Chapter 13 plan must provide for the full payment of a claim entitled priority under § 507 unless the holder of a particular claim agrees to a different treatment of such claim.  *See* 11 U.S.C. § 1322(a)(2).  Moreover, a domestic support obligation is nondischargeable in a Chapter 13 bankruptcy case.  *See* 11 U.S.C. §§ 523(a)(5) and 1328(a)(2).  In contrast, a debt resulting from a property settlement does not have priority under § 507, but rather, is a general unsecured claim and, as such, need not be paid in full in a chapter 13 plan.  *See* 11 U.S.C. §§ 523(a)(15) and 1328(a).  In the present case, the requirements of subsections (A), (C), and (D) of § 101(14A) are clearly satisfied.  The only issue before the court is whether Ms. Lyalls's Claim, consisting of $10,020.80 for her one-half share of the equity in the marital residence and $12,973.50 for her share of the insurance funds received for the loss of contents of the marital residence as a result of the fire, is in the nature of alimony, maintenance, or support as required by §101(14A)(B).

      A determination under § 523(a)(5) as to whether an obligation is in the nature of alimony or support is a fact specific analysis which allows courts to examine numerous factors on a case-

by-case basis. *See, e.g.*, *In re Johnson*, 397 B.R. 289, 297 (Bankr. M.D.N.C. 2008); *In re Austin*, 271 B.R. 97, 106 (Bankr. E.D. Va. 2001); *In re Baker*, 274 B.R. 176, 188 (Bankr. D.S.C. 2000). The complaining spouse has the burden to demonstrate that the obligation at issue is in the nature of alimony, maintenance, or support. *Grogan v. Garner*, 498 U.S. 279, 287 (1991); *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir. 1986). Federal bankruptcy law, not state law, ultimately determines whether a particular obligation is alimony, maintenance, or support. *Matter of Long*, 794 F.2d 928, 930 (4th Cir. 1986); *In re Johnson,* 397 B.R. at 296. The court must not rely simply on the label used by the parties or state court, but must look beyond the label to examine whether the debt was actually intended to be in the nature of support or alimony. *In re Johnson*, 397 B.R. at 297. Numerous factors may be considered in making this determination such as the language and substance of the agreement or judgment, the intent of the state court as to the purpose of the obligation, the intent of the parties, the relative financial circumstances of the parties at the time of the agreement, the respective employment histories, age, and education levels, the fact that one party or another receives the marital property, the status of the obligation upon death or remarriage, the timing of the payments, whether there are dependant children in the care of one of the parties, and whether the obligation is modifiable. *See, e.g*., *In re Siegel*, __ B.R. __, 2009 WL 703386, *3 (Bankr. E.D.N.C. March 13, 2009); *In re Johnson*, 397 B.R. at 297.

     After carefully reviewing the facts and circumstances of this case, the court finds that the Claim is not a domestic support obligation as defined by §101(14A)(B). The language of the Judgment does not support a finding that the Claim was intended to serve as support or alimony. The Judgment is not modifiable upon a change in circumstances such as marriage. The

Judgment merely catalogs the marital property at the time of separation and effectuates an equal division of such property. The award of $10,020.80 replaces Ms. Lyalls's one-half share of the equity in the marital residence that was depleted post-separation, and the award of $12,973.50 represents one half of the insurance funds received for the loss of marital assets in the fire. These amounts are directly equated to an equal division of the marital assets at the time of separation with no weight given to the relative financial needs of either party.

The court further notes that both parties worked throughout the marriage and have similar educational levels, though historically, the Debtor has earned more per hour than Ms. Lyalls. There are no dependant children from the marriage in Ms. Lyalls's care, a fact which weighs against a finding that the Claim is a domestic support obligation. In addition, Ms. Lyalls did not stay out of the work force for a period of time to care for children. Lastly, the court considers the testimony of the parties. Ms. Lyalls's testimony does not support a finding that the Claim is in the nature of alimony, maintenance, or support. Rather Ms. Lyalls's testimony highlights the fact that her intent at the time of separation and in the State Court Proceeding was to obtain an equal division of the marital assets. The Debtor's testimony did not weigh in favor of or against a finding that the Claim is a domestic support obligation. Inasmuch as the burden is on Ms. Lyalls to show that the Claim is in the nature of alimony, maintenance, or support, the court concludes that her motion must be denied.

Based upon the foregoing, the court hereby orders that Peggy Lyalls's Motion for Bankruptcy Court Review and Enforcement of a State Court Equitable Distribution Judgment as a priority claim the above-referenced Chapter 13 case is denied. It is further ordered that the Debtors's Chapter 13 Plan be reviewed in six months and periodically thereafter for any changes

to ensure that all available disposable income is being paid into the Plan.

    SO ORDERED.

## SERVICE LIST

Clifford E. Mobley
Kimberly E. Mobley
Debtors

Joe O. Brewer
Attorney for Debtors

Peggy Lyalls
Creditor

Ashley S. Rusher
Attorney for Peggy Lyalls

Kathryn L. Bringle
Trustee